UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ADAM VAN HULTEN,   No. 2:10-cv-00667-MCE-EFB

    Plaintiff,

  v.   MEMORANDUM AND ORDER

U.S. SECURITY ASSOCIATES,
INC., and DOES 1 through 50,
inclusive,

    Defendants.

Through the present action, Plaintiff Adam Van Hulten ("Plaintiff") seeks redress for what he asserts was wrongful termination in violation of public policy. Presently before the Court is a Motion by Defendant U.S. Security Associates ("Defendant") to Dismiss the claims alleged against it in Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendant's Motion to Dismiss is granted.

---

[1] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument. E.D. Cal. Local Rule 230 (g).

1

**BACKGROUND**[2]

Plaintiff was hired by Defendant in 2004 as a Loss Prevention Associate and in 2009 he was assigned to a Ross Store in Sacramento, CA. Plaintiff alleges that his supervisor and other employees were committing "time theft" by reporting excess time on their time sheets. Plaintiff further alleges that his supervisor encouraged him to report false shoplifting recoveries in order to improve the team's statistics.

In July 2009, Plaintiff called and emailed the Director of Loss Prevention, Steve Degener to report the "time theft" he had witnessed. Shortly thereafter, on August 6, 2009, Plaintiff was written up for "lack of productivity", and on August 13, 2009 he was terminated. Defendant counters that Plaintiff was let go because his apprehension rates were below the monthly standard set by Ross Stores and Ross asked that he be removed from his position. Defendant states that Plaintiff was offered a position as a uniformed guard, but Plaintiff refused.

Plaintiff subsequently filed suit for Wrongful Termination in violation of Public Policy on the theory that he was fired for reporting the criminal "embezzlement" of his coworkers.

///
///
///
///
///

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). A court is not required to accept as true a legal conclusion couched as a factual allegation. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Factual allegations must be enough to raise a right to relief above the speculative level. Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more ...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

Unless the parties contract otherwise, employment relationships in California are ordinarily "at will", meaning that an employer can discharge an employee for any lawful reason. <u>See</u> Cal. Labor Code § 2922. In <u>Tameny v. Atlantic Richfield Co.</u>, 27 Cal. 3d 167 (1980), the California Supreme Court carved out an exception to the at-will rule by recognizing a tort cause of action for wrongful terminations that violate public policy. <u>Tameny</u>, 27 Cal. 3d at 178; <u>Freund v. Nycomed Amersham</u>, 347 F.3d 752, 758 (9th Cir. 2003). More recently, the California Supreme Court elaborated on its meaning of "public policy" sufficient to support a wrongful termination claim.

///
///
///
///

4

1 The public policy must be "(1) delineated in either
2 constitutional or statutory provisions; (2) 'public' in the sense
3 that it 'inures to the benefit of the public' rather than serving
4 merely the interests of the individual; (3) well established at
5 the time of discharge; and (4) substantial and fundamental."
6 Freund, 347 F.3d at 758 (citing City of Moorpark v. Superior
7 Court, 18 Cal. 4th (1998)).

8     Therefore the question before the Court is whether reporting
9 time theft exists as a "public policy" sufficient to warrant
10 protection under Tameny.

11     Here it does not.  The touchstone of the "public policy"
12 analysis is whether the misconduct reported affects society at
13 large or is solely for the benefit of the individual employer or
14 plaintiff.  Holmes v. General Dynamics Corp., 17 Cal. App. 4th
15 1418, 1426 (1993).  Here the reported time theft served to
16 benefit only the employer.  As the Ninth Circuit has indicated,
17 reporting ongoing criminal conduct to an employer's management
18 does not necessarily implicate a public interest.  Rivera v.
19 National Railroad Passenger Corp., 331 F.3d 1074, 1080 (9th Cir
20 2003).  Rather, the connection between an employee's reporting of
21 ongoing criminal activity within his employer's organization and
22 the public interest served has been held to be too tenuous to
23 establish violation of a public policy for a wrongful termination
24 claim.  American Computer Corp. v. Superior Court, 213 Cal.
25 App.3d 667-69 (1989).
26 ///
27 ///
28 ///

5

1 Under California law, "the most that can connect [Plaintiff's]
2 conduct with the public interest is the argument that by
3 reporting his suspicions to his superiors he took action which
4 might eventually prevent or uncover commission of a felony and
5 thereby serve the laudable goal of preventing crime." American
6 Computer, 213 Cal. App. 3d at 668.  However, "the potential for
7 such a public benefit is not a public interest which is weighty
8 enough to give rise to a claim for wrongful discharge." Id.
9     Therefore, Plaintiff's actions did not amount to serving the
10 public interest such as to establish a wrongful termination
11 claim.

### CONCLUSION

15     For the reasons stated above, Defendant's Motion to Dismiss
16 (Docket No. 7) is GRANTED with leave to amend.
17     Plaintiff may file an amended complaint not later than
18 twenty (20) days after the date this Memorandum and Order is
19 filed electronically.  If no amended complaint is filed within
20 said twenty (20)-day period, without further notice, Plaintiff's
21 claims will be dismissed without leave to amend.
22     IT IS SO ORDERED.

Dated: June 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

6